PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| WALTER MITCHELL, | ) |
| | ) CASE NO. 5:18CV102 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| DOVER-PHILA FEDERAL CREDIT UNION, | ) |
| | ) |
| | ) **MEMORANDUM OF OPINION AND** |
| Defendant. | ) **ORDER** |
| | [Resolving ECF No. 5] |

Pending before the Court is Defendant Dover-Phila Federal Credit Union's Motion to Dismiss. ECF No. 5. Plaintiff Walter Mitchell has responded. ECF No. 16. Defendant has replied. ECF No. 19. Also, Amici Ohio Credit Union League and Credit Union National Association have filed an amicus brief in support of Defendant's motion to dismiss. ECF No. 12. For the following reasons, the Court grants Defendant's motion.

## I. Background

Plaintiff, an Ohio resident, is permanently blind. ECF No. 1 at PageID #: 2. Blind individuals can access websites by using keyboards and screen-reading software that vocalizes visual information that appears on a computer screen. *Id.* at PageID #: 4.

(5:18CV102)

Defendant is a federal credit union. *Id.* at PageID #: 3. In addition to having physical locations, Defendant has a website that allows members to perform online banking services and potential members to learn of the services Defendant offers to its members. *Id.*

Plaintiff alleges that he has tried to access Defendant's website several times in recent months, but he has been unable to do so. *Id.* at PageID #: 10. Plaintiff alleges that at least four barriers preclude his ability to use the site: (1) the site lacks alternative text; (2) the site contains empty links that do not include text; (3) the site has empty or missing labels; and (4) the site contains redundant links. *Id.* at PageID #: 9-10. Plaintiff contends that each of these barriers prevent or make it difficult to use screen-reading software. *Id.*

As a result, Plaintiff filed a lawsuit, alleging a violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. ECF No. 1. In his complaint, Plaintiff seeks injunctive relief, attorney's fees, and costs. *Id.* at PageID #: 13-14.

Defendant has filed a motion to dismiss. ECF No. 5. Defendant brings the motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (6). Defendant begins by arguing that Plaintiff lacks standing, because, as a resident of Cincinnati, Ohio, he is ineligible to be a member of the credit union. *Id.* at PageID #: 185-89. As to the 12(b)(6) argument, Defendant argues as follows: (1) Defendant's website is not a place of public accommodation (*id.* at PageID #: 189-94); (2) Plaintiff failed to make a request for auxiliary aids or services (*id.* at PageID #: 194-98); (3) Title III of the ADA does not require Defendant to create an accessible website (*id.*

(5:18CV102)

at PageID #: 198-200); and (4) Defendant offers a staffed phone line to those who cannot access its website, so it does in fact offer a sufficient auxiliary aid and service (*id*. at PageID #: 200-01).

As to its standing argument, Defendant states that it is a community credit union existing under 12 U.S.C. § 1759(b)(3). *Id.* at PageID #: 188. Section 1759(b)(3) limits members to "[p]ersons or organizations within a well-defined local community, neighborhood, or rural district." Defendant contends that Plaintiff cannot be a member, because he lives more than 200 miles south of the credit union's southernmost branch. ECF No. 5 at PageID #: 188. Defendant also argues that Plaintiff has employed a "scattershot approach of suing credit unions throughout the State" that "essentially forecloses an allegation he could be a member of DoverPhila consistent with Rule 11 of the Federal Rules of Civil Procedure."[1] *Id*.

Plaintiff's response as to membership is two-fold: (1) he is eligible for membership, because he works and volunteers in Tuscarawas County and that he is the coordinator/director of the Ohio NFB's News Line, which services residents of Tuscarawas County; and (2) he is a member of Kemba Credit Union, whose members may use Defendant's services through a co-operative sharing network. ECF No. 16 at PageID#: 464-65. He also argues that the ADA applies to individuals, so he need not be a patron of the credit union to have standing. *Id.* at PageID#: 465-68. Next, Plaintiff asserts that he has alleged a likelihood of future harm. *Id.* at PageID #: 468-69. He then contends that the number of lawsuits he has filed is irrelevant to the

---

[1] The Amici raise similar arguments in their amicus brief. *See* ECF No. 12 at PageID #: 399-403.

3

(5:18CV102)

matter of standing. *Id.* at PageID #: 469-70. Plaintiff also argues that case law on physical barriers is inapplicable to this case. *Id.* at PageID #: 471-72. Finally, Plaintiff concludes his standing argument by arguing the Court should apply cases that ruled in his favor, while attempting to distinguish cases that reach the opposite conclusion. *Id.* at PageID #: 472-74.

In Defendant's reply, it argues that Plaintiff's factual allegations are insufficient to show standing and that his legal authority is also lacking. First, Defendant points out that Ohio NFB News Line "is a service, not an employer, and the organization which offers it (NFB of Ohio), does not have a single chapter or division in Tuscarawas County." ECF No. 19 at PageID #: 669. Defendant also argues that its co-op agreement only permits members of cooperating credit unions to use Defendant's physical locations, not its website. *Id.* at PageID #: 670. Defendant asserts that Plaintiff fails to allege any plans to use Defendant's banking services, that he ever visited one of Defendant's physical locations, or that he has any future intent to visit Defendant's website. *Id.* at PageID #: 371. Defendant then argues Plaintiff's case law does not apply and any claim that Plaintiff has suffered an injury to his dignitary interest fails. *Id*. at PageID #: 672-73. Defendant also argues that even if Plaintiff is an ADA tester, he still must show standing in this case. *Id.* at PageID #: 674-76.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter" of claims asserted in the complaint. Fed. R. Civ. P. 12(b)(1). A motion to dismiss for lack of subject-matter jurisdiction may involve either facial attacks or factual attacks

4

(5:18CV102)

upon a court's jurisdiction. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). When resolving a facial attack, the reviewing court assumes the allegations within the complaint are true. *Id.* "Where, on the other hand, there is a factual attack on the subject-matter jurisdiction alleged in the complaint, no presumptive truthfulness applies to the allegations." *Id.* When reviewing a factual attack, the court must weigh the conflicting evidence to determine whether subject-matter jurisdiction exists. *Howard v. Whitbeck*, 382 F.3d 633, 636 (6th Cir. 2004). Plaintiffs bear the burden of establishing that jurisdiction exists. *Madison Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Lack of subject-matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

To survive a Fed. R. Civ. P.12(b)(6) motion to dismiss, a plaintiff's complaint must allege enough facts to "raise a right to relief above the speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Fed. R. Civ. P. 8(a)(2) requires only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint requires "further factual enhancement," which "state[s] a claim to relief

5

(5:18CV102)

that is plausible on its face." *Id.* at 557, 570. A claim has facial plausibility when there is enough factual content present to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When a claim lacks "plausibility in th[e] complaint," that cause of action fails to state a claim upon which relief can be granted. *Twombly*, U.S. 550 at 564.

### III. Discussion

**A. Standing**

Plaintiff bears the burden of establishing standing. *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017) (citing *Summer v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). To satisfy the "irreducible constitutional minimum of standing," a plaintiff must establish the following: (1) he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent rather than conjectural or hypothetical; (2) that there is a causal connection between the injury and the defendant's alleged wrongdoing; and, (3) that the injury can likely be redressed. *Id.* (quoting *Lujan v. Def. of Wildlife*, 504 U.S. 555, 561 (1992)). On a motion to dismiss, "the standing inquiry must ... be done in light of the factual allegations of the pleadings." *Lujan*, 504 U.S. at 561. The determination of whether a party sustained an injury "often turns on the nature and source of the claim asserted." *Slorp v. Lerner, Sampson & Rothfuss*, 587 F.App'x. 249, 253 (6th Cir. 2014). The Supreme Court held that, in addition to showing a particularized injury, a plaintiff must show that the injury is concrete. *Spokeo, Inc. v. Robins,* 136 S.Ct. 1540, 1548 (2016) (citing *Susan B. Anthony List v. Driehaus*, 134 S.Ct. 2334, 2341 (2014)).

6

(5:18CV102)

To be concrete, an injury need not be tangible. *Id.* at 1549 ("Although tangible injuries are perhaps easier to recognize, we have confirmed in many of our previous cases that intangible injuries can nevertheless be concrete.") (collecting cases). Indeed, a plaintiff must have a "personal stake in the outcome." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) (quotation omitted). Mere "[a]bstract injury is not enough." *Id*. To have standing to seek an injunction, a plaintiff must be "likely to suffer future injury." *Id.* at 105.

In ADA cases seeking injunctive relief, a plaintiff who encounters a barrier at a public accommodation must show "a plausible intention or desire to return to the place but for the barriers to access." *Kramer v. Midamco*, 656 F.Supp.2d 740, 747 (N.D.Ohio 2009) (Nugent, J.) (citation omitted). A plaintiff acting as a 'tester,' does not preclude standing. *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093, 1101-02 (9th Cir. 2017). In a case involving a physical barrier, the Northern District of Ohio applied four factors in determining an intent to return: "(1) proximity of the place of public accommodation to the plaintiff's residence; (2) the plaintiff's past patronage of defendant's business; (3) the definitiveness of the plaintiff's plans to return; and (4) the plaintiff's frequency of travel near the accommodation in question." *Kramer*, 656 F.Supp.2d at 747-48. The *Kramer* court concluded that plaintiff lacked standing, in part, because the plaintiff failed to show a plausible intention to return to the facility in an individual capacity upon removal of the purported barriers. *Id.* at 750. Similarly, the Southern District of Ohio held that a married woman lacked standing to seek an

7

(5:18CV102)

injunction against a clinic for violation of Title III, because she failed to show an intent to resume marital counseling at the clinic. *Davis v. Flexman*, 109 F.Supp.2d 776, 783-84 (S.D.Ohio 1999).

In a case involving accessability of a credit union's webpage, the Eastern District of Virginia held that plaintiff did not have standing, because he was ineligible to become a member. *Griffin v. Department of Labor Federal Credit Union*, 293 F.Supp.3d 576 (E.D.Va. 2018). Membership in the credit union in *Griffin* was only available to employees, retirees, immediate family members, or spouses of a deceased member of one of the Department of Labor's eligible organizations. *Id.* at 578. Griffin did not fall within any of these categories, so he was ineligible for membership. *Id.* Because he was not eligible for membership, he lacked an injury, and thus, also lacked standing to seek injunctive relief. *Id.* at 578-79. The *Griffin* court also held that Griffin's failure to allege an intent to become a member or even an intention to investigate eligibility for membership precluded his ability to bring suit. *Id.* at 580.

In a Southern District of Florida case, the court held that a blind man had standing to bring a Title III claim, because he intended to patronize the grocery store once he was able to access the store's website. *Gil v. Winn-Dixie Stores, Inc.*, 257 F.Supp.3d 1340, 1347-48 (S.D.Fla. 2017), appeal pending No. 17-13467 (11th Cir.). The *Gil* court concluded that Winn-Dixie's website operated as a "gateway" to the physical stores. *Id.* at 1349. Therefore, Winn-Dixie's online offerings were services, privileges, advantages, and accommodations of the store. *Id.* For instance, the website provided digital versions of coupons and listed store hours and locations. *Id.* Gil had frequented Winn-Dixie in the past, and he indicated he was "100%

8

(5:18CV102)

certain" that he would resume using Winn-Dixie stores once the website became accessible to him. *Id.* at 1344.

In this case, Plaintiff's claim fails for lack of standing.

First, he is ineligible to become a member of Dover-Phila. Facially, Plaintiff has not alleged that he is within Defendant's field of membership.[2] Dover-Phila membership is limited to those who live, work, worship, or attend school in Tuscarawas County. Plaintiff has not alleged that he meets any of these criteria.

Plaintiff offers to amend his complaint to say he is eligible to be a member of Dover-Phila, but the amendment would not be well-taken. Plaintiff lives over 200 miles away from the closest Dover-Phila branch. ECF No. 5 at PageID #: 188. He lives in Cincinnati, which sits in Hamilton County. Plaintiff claims that he is the coordinator/director of NFBNews Line, and he claims that this service is based in Tuscarawas County. ECF No. 16 at PageID #: 464. In response, Defendant argues that NFB News Line is not an employer and the employer that offers it, the National Federation of the Blind Ohio, does not have a chapter or division in Ohio. ECF No. 19 at PageID #: 669. Based on a review of the NFB Ohio's website, Plaintiff's proposed amendment is not well-taken. Plaintiff also claims that he can avail himself of Defendant's facilities through his credit unions's co-op agreement with Defendant. ECF No. 16 at PageID #:

---

[2] Defendants makes both facial and factual attacks. The Court treats Defendant's standing argument as a facial attack. The Court only addresses Defendant's arguments covering facts outside the record in addressing Plaintiff's request for leave to amend the complaint to add in facts to establish standing.

9

(5:18CV102)

463-64. This argument is also not well-taken, because the co-op only permits members of other credit unions to use physical location of co-operating credit unions, not websites.

Second, Plaintiff has failed to allege an intent to use Defendant's services. Plaintiff has shown no intent to become a member of Defendant. Plaintiff relies on *Menkowitz v. Pottstown Memorial Medical Center*, 154 F.3d 113 (3d Cir. 1998), for the proposition that he need not be a patron of Defendant to have standing. It is true that Plaintiff does not have to be a patron, but he has to evince an intent to make use of Defendant's services. In *Menkowitz*, the plaintiff was not a customer, but he was a surgeon with staff privileges at the medical center. *Id*. at 115-16. Thus, he was actually making use of the hospital. Conversely, Plaintiff has not suggested that he even intends to use the banking services Dover-Phila offers. This is in contrast to the plaintiff in *Gil* who had made repeated use of Winn-Dixie grocery stores in the past and intended to continue to use them once Winn-Dixie's website became accessible to him. This case is more analogous to *Griffin*, as Plaintiff, like Griffin, has not alleged that he plans to become a member of Dover-Phila, let alone that he has a plausible intention to investigate whether he could become a member.

Plaintiff also relies on *Gniewkoski v. Lettuce Entertain You Enterprises, Inc.*, 251 F. Supp.3d 908 (W.D.Pa. 2017), but that reliance is misplaced. *Gniewkoski* involved a federally-chartered bank, which "offer[ed] and advertise[d] a full range of financial solutions and banking expertise *to the general public* through its website." *Id.* at 911-12 (emphasis added). Defendant

(5:18CV102)

does not offer its services to the general public. Instead, it only offers its services to a limited field.

Plaintiff has failed to show standing, and therefore, he cannot maintain this action.

### B. Rule 12(b)(6) arguments

Because Plaintiff lacks standing, the Court declines to address the remainder of Defendant's arguments.

### IV. Conclusion

For the foregoing reasons, the Court grants Defendant's motion to dismiss. Plaintiff's complaint is dismissed for lack of standing.


IT IS SO ORDERED.


| June 25, 2018 | */s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |